UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CURTIS & ASSOCIATES, P.C., ET AL

                      Plaintiffs,

                                        **ORDER**
        -against-                           09-CV-890 (KAM) (RER)

THE LAW OFFICES OF
DAVID M. BUSHMAN, ESQ., ET AL

                      Defendants.

----------------------------------------------------------------X

KIYO A. MATSUMOTO, United States District Judge:

        By letter dated April 14, 2009, *pro se* defendant Stevi Brooks Nichols sought leave to docket filings in this case via ECF. (Doc. No. 16.) On April 21, 2009, the court denied Nichols' request with an electronic order stating, *inter alia,* that "[r]egistration for ECF filing is only available to attorneys who are members of the bar of the Eastern District of New York or are admitted to practice in the District *pro hac vice*." (Electronic Order of April 21, 2009.) Nichols now requests, by letter dated May 6, 2009, that the court reconsider its earlier order. (Doc. No. 27.) Nichols claims that she is unfairly disadvantaged by the delays occasioned by filing with the court on paper, and the expenses of filing. (*Id.*) She also assures the court that she is "adept at efiling" through her use of efiling in New York State litigation in which she has been a party. (*Id.*)

        Requests for reconsideration must be made, pursuant to Local Civil Rule 6.3, by notice of motion accompanied by a memorandum of law setting forth concisely the matters or controlling decisions that counsel believes the court has overlooked. The court waives the

requirement of a memorandum of law, given that plaintiff's original request for access to ECF was not made by formal motion. However, the court finds that plaintiff's May 6, 2009 letter does not identify any matters or controlling decisions that the court overlooked in initially ruling that plaintiff would not be permitted access to ECF. Plaintiff has not advanced any argument that was not made, or could not have been made, in her earlier request. Nor does plaintiff identify any controlling legal authority that would lead the court to reconsider its earlier order.

Mandatory ECF filing in the Eastern District applies to all cases "other than *pro se* cases." *See* Administrative Order 2004-08, available on the public website of the court at the address http://www.nyed.uscourts.gov/pub/docs/adminorders/adminorder04-08.pdf. The Office of the Clerk of Court requires that, "[i]n order to file documents electronically . . . *attorneys must be admitted to practice* before the Court and must be registered to file electronically." Attorney Registration Section of Court Website, www.nyed.uscourts.gov/CM_ECF/Attorney_Registration/attorney_registration.html (emphasis added). Only attorneys admitted to practice in the Eastern District of New York may complete the ECF registration process. *Id.*

For the above stated reasons, Nichols' request for reconsideration of the April 21, 2009 order denying her permission to file via ECF is denied.

SO ORDERED.

Dated: Brooklyn, New York
      May 20, 2009

                                                                  /S/
                                                      **KIYO A. MATSUMOTO**
                                                      United States District Judge